Filed 07/28/26

VERMONT SUPERIOR COURT
Chittenden Unit
175 Main Street
Burlington VT 05402
802-863-3467
www.vermontjudiciary.org



CIVIL DIVISION
Case No. 25-CV-04318

| | |
|---|---|
| SHAWN DUDLEY,<br>    Plaintiff<br><br>v.<br><br>CITY OF BURLINGTON,<br>    Defendant | DECISION ON MOTIONS |

## RULING ON DEFENDANT'S POST-JUDGMENT MOTIONS

Plaintiff Shawn Dudley has filed a series of post-judgment motions and other documents totaling hundreds of pages. Through those filings, he seeks to reconsider, alter, amend, or otherwise vacate the Court's decision dismissing this action and the final judgment order. *See* Ruling on Defendant's Motions to Dismiss and to Strike, 2026 WL 854287 (Mar. 17, 2026); Final Judgment Order, dated Apr. 6, 2026. He also seeks to file both a second and third Amended Complaint. The City opposes any reconsideration or amendment. For the reasons discussed below, Plaintiff's motions to reconsider, alter, or amend the judgment are DENIED and his other requests are DISMISSED AS MOOT.

### Discussion

"A motion to alter or amend the judgment shall be filed not later than 28 days after entry of the judgment." V.R.C.P. 59(e). "Rule 59(e) provides courts with 'the power to rectify their own mistakes in the period immediately following the entry of judgment'" and "includes the ability to 'change a dismissal with prejudice to one without prejudice' and to clarify judgments, among other relief." *Stowe Aviation, LLC v. Agency of Com. & Cmty. Dev.*, 2024 VT 11, ¶ 13, 219 Vt. 70 (quoting *N. Sec. Ins. Co. v. Mitec Elecs., Ltd.*, 2008 VT 96, ¶ 41, 184 Vt. 303; V.R.C.P. 59 – Reporter's Notes). Such motions "allow the trial court to revise its initial judgment if necessary to relieve a party against the unjust operation of a record resulting from the mistake or inadvertence of the court and not the fault or neglect of a party," and "must clearly establish either a manifest error of law or fact or must present newly discovered evidence." *Sutton v. Purzycki*, 2022 VT 56, ¶ 67, 217 Vt. 326 (quotation omitted). "However, a 'Rule 59(e) motion may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment.'" *Veljovic v. TD Bank, N.A.*, 2025 VT 38, ¶ 16, 342 A.3d 941 (quoting 11 C. Wright & A. Miller, *Fed. Prac. & Proc.* § 2810.1 (3d ed. 2024)); *see also Sutton*, 2022 VT 56, ¶ 68.

In his post-judgment motions, Plaintiff contends that in its March 17, 2026 Decision granting the City's motion to dismiss and special motion to strike, the Court "committed

manifest errors of law in its application of the Rule 12(b)(6) standard, the Anti-SLAPP statute, and the requirements for municipal liability." Pl.'s Mot. to Alter or Am. J. (V.R.C.P. 59(e))/Reconsider at 1 (filed May 4, 2026). He also seeks to "enter new evidence: a sworn Affidavi[]t from Vermont DCF, a Burlington Police Probable Cause Affidavit (Docket 25-CR-08677) from an incident on 8/26/25." *Id*. In his "amended" motion, which the Court construes as a supplemental memorandum in further support of his initial post-judgment motion, he identifies numerous additional purported "errors" and seeks to "incorporate newly matured claims – including causes of action for malicious prosecution and constitutional torts – that legally accrued post-filing via favorable terminations of underlying criminal proceedings." Pl.'s Am. Mot. at 1 (filed June 25, 2026).

However, Plaintiff identifies no such "manifest errors of law" in this Court's decision. On the contrary, the Court correctly applied Rule 12(b)(6), the anti-SLAPP statute, and the requirements for municipal liability. For example, despite Plaintiff's protestations, the Court did not "find" that the "barricaded hostage situation" headline was true; rather, the Court concluded that Plaintiff did not adequately plead the falsity of that statement as required to state a cognizable defamation claim. Thus, Plaintiff seeks merely to relitigate old matters already addressed or raise arguments that could have been raised earlier. As for the purported "new evidence," Plaintiff offers no persuasive basis why he could not have identified it prior to entry of judgment or how it would change the outcome of the motions to dismiss or strike. To the extent Plaintiff identifies matters or claims that arose or accrued after this case was dismissed, he cannot raise those matters or claims in this action.

It is well settled that Rule 59(e) "is meant to remedy mistakes made by the court, not litigants." *Stowe Aviation*, 2024 VT 11, ¶ 19. Because Plaintiff has not identified actual mistakes made by the Court, his motion must be denied. While Plaintiff relies on his pro se status to explain his difficulty in marshaling facts and evidence, that does not excuse the need to follow the applicable rules nor entitle him to relief here. *See Fox v. Fox*, 2022 VT 27, ¶ 39, 216 Vt. 460 ("Although pro se litigants receive some leeway from the courts, they are still bound by the ordinary rules of civil procedure." (quotation omitted)).

"Additionally, for the court to grant leave to amend post-judgment, the plaintiff must first succeed in having the final judgment set aside under Rule 59(e), which did not occur here." *Veljovic*, 2025 VT 38, ¶ 18; *see also Stowe Aviation*, 2024 VT 11, ¶ 14 ("[T]he right to amend provided by Rule 15 no longer attache[s] after entry of judgment." (citation omitted)). Accordingly, Plaintiff's motions and attempts to further amend his Complaint are denied.

Lastly, the Court concludes that oral argument would not be helpful on these motions. Accordingly, Plaintiff's request for oral argument on the post-judgment motions, *see* Pl.'s Reply at 4 (filed July 16, 2026), is denied.

Order

Plaintiff's motions to alter, amend, vacate, and/or reconsider (Mots. #5 and #9) are DENIED. Because the Court has construed Plaintiff's "amended" motion as a supplemental memorandum and considered it as such, his motion to "amend" his initial post-motion (Mot. #7)

2

is DISMISSED AS MOOT.  Plaintiff's motions for extensions of time to file second and third amended complaints (Mots. #6 and #8), as well as his second and third amended complaints themselves, are also DISMISSED AS MOOT.

Electronically signed on July 27, 2026 at 4:31 PM pursuant to V.R.E.F. 9(d).

Megan J. Shafritz
Superior Court Judge

3